# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT C. STOCES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )  CIVIL NO. 08-cv-717-MJR |
| | ) |
| **ROBERT BLANKINSHIP,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Robert Stoces, a detainee in the Madison County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

Stoces states that when he was taken into custody in July 2007, Defendant Unfried documented a small patch of psoriasis on his right calf. Over the next several weeks, Defendants Blankinship and Unfried tried several different treatments for his condition, but none proved to be effective. Stoces informed them of a medication he had seen advertised on television, but they told him that the medication was too costly for the sheriff's department. Over time, his psoriasis spread, causing permanent scarring.

Stoces also states a few months after he arrived at the jail, a boil appeared on his left calf. Antibiotics were prescribed, the boil slowly disappeared, and the antibiotics were discontinued. A couple months later, a boil appeared on his elbow. Once again, antibiotics were prescribed, but proved ineffective. Defendants then took Stoces to the hospital to have the boil lanced. The hospital determined that Stoces had methicillin-resistant staphylococcus aureus ("MRSA"), a highly contagious form of a staph infection,[1] and that information was sent to his home address. When his mother received the report, she advised Stoces; he then asked Defendants why he had not been told of his condition, but they had no explanation. A month later, Stoces developed another boil; he was immediately taken back to the hospital to have the boil lanced. Upon his return to the jail, he was placed in the isolation unit for a week. He states that no further testing has been done to confirm that he is free of MRSA.

Based on these allegations, Stoces asserts that Blankenship and Unfried acted with deliberate indifference to his serious medical needs, in violation of his constitutional rights.

> [F]or a pretrial detainee to establish a deprivation of his due process right to adequate medical care, he must demonstrate that a government official acted with deliberate indifference to his objectively serious medical needs. *See Qian [v. Kautz]*, 168 F.3d

---

[1] See http://www.mayoclinic.com/health/mrsa/DS00735, accessed April 15, 2009.

[949,] at 955 [(7th Cir. 1999)]. This inquiry includes an objective and subjective component. The objective aspect of the inquiry concerns the pretrial detainee's medical condition; it must be an injury that is, "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotations omitted); *see also Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). "A 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).

Even if the plaintiff satisfies this objective component, he also must tender sufficient evidence to meet the subjective prong of this inquiry. In particular, the plaintiff must establish that the relevant official had "a sufficiently culpable state of mind[,] ... deliberate indifference to [the detainee's] health or safety." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970. Evidence that the official acted negligently is insufficient to prove deliberate indifference. *See Payne*, 161 F.3d at 1040. Rather, as we have noted, " 'deliberate indifference' is simply a synonym for intentional or reckless conduct, and that 'reckless' describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred." *Qian*, 168 F.3d at 955. Consequently, to establish deliberate indifference, the plaintiff must proffer evidence "demonstrating that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger." *Payne*, 161 F.3d at 1041. Simply put, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Higgins*, 178 F.3d at 510. Even if he recognizes the substantial risk, an official is free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 843, 114 S.Ct. 1970.

*Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002).

With regard to both psoriasis and MRSA, the Court agrees that each condition may constitute a serious medical need. However, based on the allegations Stoces makes in his complaint, it is clear that Defendants did not possess the requisite mental intent of deliberate indifference. Rather, it appears from Stoces's statements that both Blankinship and Unfried made significant efforts to treat

each of his conditions. The fact that some treatments proved ineffective suggests only that they may have made mistakes or may have been negligent. However, medical negligence is not actionable as a constitutional violation. *See Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997); *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996); *Sellers v. Henman*, 41 F.3d 1100, 1103 (7th Cir. 1994). Although the Court empathizes with Stoces, he has failed to state a claim upon which relief may be granted.

In summary, the complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Stoces is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 16th day of April, 2009.**

          **s/ Michael J. Reagan**
          **MICHAEL J. REAGAN**
          **United States District Judge**